IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SUSAN BARNETT                                          PLAINTIFF

VS.                         CIVIL ACTION NO. 5:05-cv-195(DCB)(JMR)

THE TREE HOUSE CAFÉ, INC.;
HOLLY BECK, INDIVIDUALLY, AND
SAM SMITH, INDIVIDUALLY, AND IN
THEIR OFFICIAL CAPACITY AS AGENTS
AND REPRESENTATIVES OF THE TREE
HOUSE CAFÉ, INC.                                       DEFENDANTS


ORDER

     This cause is before the Court on the plaintiff's Motion to

Hold in Abeyance and Other Relief Pursuant to Rule 56(f) of the

Federal Rules of Civil Procedure and Application for Review of

Denial of Extension of Discovery **(docket entry 21)**.  Having

carefully considered the motion and the defendants' response, and

being fully advised in the premises, the Court finds as follows:

     This matter is governed by Rule 56(f) of the Federal Rules of

Civil Procedure which provides:

          Should it appear from the affidavits of a party
     opposing the motion [for summary judgment] that the party
     cannot for reasons stated present by affidavit facts
     essential to justify the party's opposition, the court
     may refuse the application for judgment or may order a
     continuance to permit affidavits to be obtained or
     depositions to be taken or discovery to be had or may
     make such other order as is just.

The plaintiff is required "to present specific facts explaining

[her] inability to make a substantive response as required by Rule

56(e) and by specifically demonstrating 'how postponement of a

ruling on the motion will enable [her], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'"  <u>Washington v. Allstate Ins. Co.</u>, 901 F.2d 1281, 1285 (5th Cir. 1990).

In order to receive a continuance for additional discovery, the plaintiff must:

> (i) request extended discovery prior to the court's ruling on summary judgment;
>
> (ii) place the district court on notice that further discovery pertaining to the summary judgment motion was being sought; and
>
> (iii) demonstrate to the district court with reasonable specificity how the requested discovery pertains to the pending motion.

<u>Enplanar, Inc. v. Marsh</u>, 11 F.3d 1284, 1291 (5th Cir. 1994).

The plaintiff's complaint seeks relief pursuant to the Americans with Disabilities Act ("ADA") and Title VII, as well as state law claims for negligent and/or intentional infliction of emotional distress and breach of contract.  The defendants have moved for summary judgment on the following grounds: (1) defendants Holly Beck and Sam Smith were not the plaintiff's employer as defined by the ADA and Title VII; (2) the plaintiff did not have a disability as defined by the ADA; and (3) the plaintiff cannot show that she was subjected to a hostile work environment or that she was unlawfully discriminated against in violation of Title VII.

The discovery deadline in this case was July 5, 2006.  On July 11, 2006, the plaintiff moved for an extension of time to take the

2

depositions of the defendants.  She also stated that the defendants had not responded to her discovery requests.  Motion for Extension of Time, pp. 1-2.  The defendants objected on the grounds that the motion for extension was untimely, and that the plaintiff had not utilized the time allowed by the case management order for discovery.  The only discovery request by the plaintiff appearing on the docket is a notice of request for production of documents filed June 15, 2006.  According to the defendants, plaintiff's counsel faxed a set of interrogatories and request for production of documents on June 13, 2006.

The Federal Rules of Civil Procedure provide that answers to interrogatories and requests for production, as well as responses to requests for production of documents, are due within thirty days of service.  Fed.R.Civ.P. 33(b)(3), 34(b).  The local rules of this Court provide that discovery requests must be propounded sufficiently in advance of the discovery deadline, so that all responses will be due and all depositions concluded by the discovery deadline.  Uniform District Court Rules, 26.1(B)(1), (2).  The local rules further provide that discovery requests that seek responses or schedule depositions that would otherwise be answerable after the discovery deadline are not enforceable except by order of the Court for good cause shown, and that the discovery deadline may not be extended without the consent of the Court.  Uniform District Court Rules, 26.1(B)(2), (3).

3

Since the discovery deadline in this case was July 5, 2006, the plaintiff's discovery requests were untimely and were not enforceable.  The plaintiff's motion to extend the discovery deadline was itself untimely, inasmuch as the deadline had already passed.  Plaintiff's counsel sought to excuse himself on the grounds that he had "several pending matters both in federal and state court including depositions and hearings," and that his paralegal had been "away from the office as a result of complications of her having back surgery." Motion for Extension of Time, p. 1.  "Being 'busy' attending to other clients' matters is not unique to the practice of law and cannot excuse an attorney's failure to timely submit necessary documents." Matter of Rawls, 1992 WL 77792 *2 (E.D. La. 1992).  Nor does the absence of a paralegal excuse an attorney's obligation to adhere to the rules and orders of the Court.  Counsel did not offer any further explanation for his failure to file any discovery requests from January 30, 2006, the date of the case management order, until June 13, 2006.

Plaintiff's counsel also stated that "his office attempted to coordinate with Counsel for the Defendants the scheduling of the depositions of the Defendants, but was unable to do so." Motion for Extension of Time, p. 1.  He further stated that his paralegal's replacement "attempted to schedule the depositions but was unable to do so prior to the deadline, after having left

4

messages in an effort to schedule the taking of depositions." Motion for Extension of Time, pp. 1-2.  In their response to the motion, the defendants stated that plaintiff's counsel did not make any attempt to contact defendants' counsel regarding the scheduling of depositions until approximately ten days prior to the discovery deadline.  Defendants' Response, p. 2.  Like the plaintiff's other discovery requests, the requests for depositions were untimely and were not enforceable.[1]

On August 7, 2006, Chief Magistrate Judge John M. Roper denied the plaintiff's motion for extension of time.  The plaintiff now seeks review of that Order.   Both the statute and the procedural rule allowing district court review of a magistrate judge's order dictate that the reviewing court defer to the magistrate judge's discretion in refereeing discovery disputes.  The standard of review under 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a) prescribes that a magistrate judge's nondispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law."  An abuse of discretion will be found only where

---

[1] In further support of their allegations that the plaintiff had failed to conduct or participate in discovery during the allotted time, the defendants showed that they propounded discovery requests to the plaintiff on February 21, 2006, and that the plaintiff failed to respond, despite letters sent by defendants' counsel on May 5, 2006, and May 17, 2006, requesting her to do so. On May 23, 2006, the defendants filed a motion to compel responses to discovery, which motion was never answered by the plaintiff. Eventually, on June 15, 2006, the defendants received responses to their discovery requests.  Defendants' Response, p. 2.

the court relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. Romstadt v. Allstate Ins. Co., 59 F.3d 608, 615 (6th Cir. 1995).

The "clearly erroneous" standard mandates that the district court affirm the magistrate judge's decision unless, on the entire evidence, it "is left with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Industries, 847 F.2d 1458, 1464 (10th Cir. 1988)(quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Thus, for the plaintiff to prevail, she must show, not that the magistrate judge could have exercised his discretion and ruled in her favor, but rather that she is entitled to a ruling in her favor as a matter of law. U.S. v. Cleveland, 1997 WL 208909 (E.D. La. 1997).

A magistrate judge is "far better situated to pass on discovery matters," than is the district judge. See Searls v. Glasser, 64 F.3d 1061, 1068 (7th Cir. 1995). A magistrate judge is afforded broad discretion with respect to discovery matters because no one factor controls discovery disputes. Evans v. Visual Technology Inc., 1994 WL 28002 (N.D. N.Y. 1994); see also Silver v. Wells, 1993 WL 378296 (S.D. N.Y. 1993)(holding court's scope of review "significantly limited" in discovery situations); Enzo Biochem, Inc. v. Johnson & Johnson, 1990 WL 135975 (S.D. N.Y. 1990) (noting magistrate judge's "broad discretion"); Empire Volkswagen,

<u>Inc. v. World Wide Volkswagen Corp.</u>, 95 F.R.D. 398, 399 (S.D. N.Y. 1982)(noting "heavy burden" on litigant seeking to overturn magistrate judge's discovery order).

Magistrate Judge Roper considered the arguments of counsel and ruled on them.  The plaintiff's motion for review before this Court can succeed only if she convinces the Court that Magistrate Judge Roper's Order was either clearly erroneous or contrary to law.  She has failed to make any such showing and, in fact, provides no specific support for her contention that the Order was clearly erroneous or contrary to law.  Given the plaintiff's failure to demonstrate any error of law or clearly erroneous ruling by Magistrate Judge Roper, this Court hereby upholds the Order.

As for the plaintiff's Rule 56(f) motion, she must make a presentation of specific facts demonstrating her inability to respond to the motion for summary judgment, and show how the discovery she seeks will establish genuine issues of material fact.  The plaintiff has failed to identify any discovery that she needs in order to prepare her response to the motion for summary judgment.  In fact, she has failed to show any grounds for postponement.  The Court shall therefore grant the plaintiff ten (10) days from the date of entry of this Order to file her response to the motion for summary judgment.  Discovery shall not be reopened.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion to Hold in Abeyance and Other Relief Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure and Application for Review of Denial of Extension of Discovery **(docket entry 21)** is DENIED;

FURTHER ORDERED that the plaintiff shall have ten (10) days from the date of entry of this Order to file her response to the motion for summary judgment.

SO ORDERED, this the   27th   day of October, 2006.


                              s/ David Bramlette
                    UNITED STATES DISTRICT JUDGE